PETER J. TORMEY, California SBN 269869
Email: PT@AnTLegal.com
AARON M. DAVIS, California SBN 186051
Email: Aaron@AnTLegal.com
ANTERO & TORMEY
101 Gregory Lane #46
Pleasant Hill, CA 94523
Telephone: (925) 352-9842

Attorneys for Plaintiff PRO-TROLL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO-TROLL, a California Corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>SHORTBUS FLASHERS, LLC, an Oregon Corporation,<br><br>   Defendant. | CASE NO.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONSHIPS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PRO-TROLL, by and through its attorneys, alleges as follows:

## THE PARTIES

1. Plaintiff PRO-TROLL ("Plaintiff"), is a corporation organized and existing under the laws of the State of California, having its principal place of business in the City of Lafayette, County of Contra Costa, State of California. Plaintiff does business in the Northern District of California.

2. Upon information and belief, defendant SHORTBUS FLASHERS, LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Oregon, having its principal place of business in the City of Tigard, State of Oregon. Defendant does business in the Northern District of California.

## JURISDICTION AND VENUE

3. This action is for patent infringement and tortious interference with prospective economic relationships.

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the pendent state law claim under 28 U.S.C. § 1367. These claims derive from a common nucleus of operative facts and are so related that they form part of the same case or controversy.

5. Venue is proper in the Northern District of California under 28 U.S.C. § 1391.

6. This Court has personal jurisdiction over Defendant. Defendant conducts business within the State of California and within this judicial district.

7. Defendant, directly or through intermediaries, distributes, offers for sale, sells, and advertises its products and services in the United States, the State of California, and the Northern District of California.

## INTRADICT ASSIGNMENT

8. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

9. Plaintiff develops, produces and sells fishing products throughout the United States and worldwide.

10. United States Design Patent No. D516,663, entitled "FISHING LURE" ("the '663 Design Patent was duly and legally issued on March 7, 2006 to Plaintiff as the Assignee of inventors Richard B. Pool and Cecil R. Spurgeon. A copy of the '663 Design Patent is attached hereto as **Exhibit A**.

11. The '663 Design Patent has been in full force and effect since its issuance.

12. Defendant is a competitor in the industry that manufactures, distributes and sells fishing products. Defendant's fishing products include flashers sold under the name 11" Super

Series. Defendant sells these fishing products through its website at http://www.shortbusflashers.com.

13. Defendant's 11" Super Series flashers incorporate all non-functional features of the '663 Design Patent. Moreover, Defendant's 11" Super Series flashers appear, from most aspects, nearly identical.

14. On March 7, 2016, Plaintiff sent, and Defendant thereafter received, a cease-and-desist letter which identified the '663 Design Patent. This letter stated that Plaintiff owned the '663 Design Patent. A copy of this letter is attached hereto as **Exhibit B**.

## COUNT I – DEFENDANT'S INFRINGEMENT OF THE '663 DESIGN PATENT

15. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 14 above and incorporates them by reference.

16. Plaintiff has provided and Defendant has received actual notice of the '663 Design Patent.

17. Defendant has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of the claims of the '663 Design Patent in violation of 35 U.S.C. § 271 *et seq*. Upon information and belief, Defendant has committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including but not limited to fishing products under the name "11" Super Series".

18. Defendant will continue to infringe the '663 Design Patent unless enjoined by this Court. As a result of the infringing conduct of Defendant, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

19. As a result of Defendant's infringement of the '663 Design Patent, Plaintiff has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be

determined at trial.

20. Because Defendant has continued its activities after receiving actual notice of the '663 Design Patent from Plaintiff, Defendant's infringement is willful. As a result, Plaintiff is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby Plaintiff is entitled to an award of its attorneys' fees.

## COUNT II – TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC RELATIONSHIPS

21. Plaintiff hereby restates and re-alleges the allegations set forth in paragraphs 1 through 20 above and incorporates them by reference.

22. There is an economic relationship between Plaintiff and purchasers of fishing equipment, and there exists a probability of future economic benefit to Plaintiff from these purchasers.

23. Defendant has knowledge of this relationship.

24. Defendant intentionally engaged in acts that were designed to and which did disrupt this relationship, and Plaintiff has been harmed as a result.

25. Defendant's acts were beyond those of a mere competitor securing business for itself and, as discussed herein, were independently unlawful or illegitimate.

26. Defendant's actions were willful, wanton, malicious, oppressive, and undertaken with intent to harm Plaintiff, and such actions justify the award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an order:

A. That Defendant has infringed the '663 Design Patent under 35 U.S.C. §§ 271 *et seq.*;

B. Preliminarily and permanently enjoining Defendant and all persons or entities acting in concert or participation with Defendant from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the '663 Design Patent.

C. Directing Defendant to destroy all marketing material under Defendant's control that market any product infringing the '663 Design Patent;

D. Directing Defendant to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of goods as described in this Complaint, including prejudgment interest thereon;

E. Awarding Plaintiff all damages caused by the acts forming the basis of this Complaint, together with interest thereon;

F. Based on Defendant's willful infringement of the '663 Design Patent, ordering that Plaintiff be awarded treble damages pursuant to 35 U.S.C. § 284;

G. Ordering Defendant to pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees pursuant to the statutes cited herein;

H. Based on Defendant's willful and deliberate conduct, and to deter such conduct in the future, awarding punitive damages; and

I. Granting any such further relief in Plaintiff's favor as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 18, 2016                    ANTERO & TORMEY PC

                                        By: _____
                                        Peter J. Tormey
                                        Aaron M. Davis
                                        Attorneys for Plaintiff
                                        PRO-TROLL